JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Khalid Arafat appeals from a trial court order resentencing him after his original sentence was vacated by this court. He contends that the court erred by imposing consecutive sentences on him which were unconstitutional and disproportionate to the sentences imposed on his co-defendants. We find no error and affirm.
 {¶ 2} Appellant was convicted of felonious assault and tampering with evidence following a jury trial. On January 10, 2005, he was sentenced to eight years' imprisonment on the felonious assault charge and five years' imprisonment on the evidence tampering charge, to be served consecutively. Appellant appealed his convictions and sentences. On April 6, 2006, this court affirmed the convictions but vacated the sentences and remanded the matter for resentencing pursuant to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. State v. Arafat, Cuyahoga App. No. 85847, 2006-Ohio-1722.
 {¶ 3} On remand, the trial court conducted a re-sentencing hearing on May 25, 2006. Appellant was not physically present at the re-sentencing hearing but participated (apparently by video or by telephone) and waived his right to be physically present. The state asked the court to reimpose the same sentence the court imposed earlier. Appellant's counsel argued, inter alia, that retrospective application ofFoster would violate appellant's due process rights. Appellant also addressed the court. *Page 4 
 {¶ 4} In sentencing appellant, the court noted appellant's history of violent crime, including two prior assault convictions and a robbery conviction. The court further noted the severe injuries suffered by the victim in this case. The court sentenced appellant to seven years' imprisonment on the felonious assault charge and four years' imprisonment on the evidence tampering charge, to be served consecutively, followed by three years' post-release control.
 {¶ 5} Appellant now argues that it is a violation of his due process rights to apply Foster's severance remedy to delete the former statutory requirement that the court must make certain findings before it may impose consecutive sentences. Foster did not change the punishment that may be imposed on a defendant or allow the court to impose a greater punishment than was allowed before. Courts could impose consecutive sentences both before and after Foster. By removing both the presumption in favor of concurrent sentences and the fact-finding requirements to impose consecutive sentences, Foster did not take away any vested right. See, e.g., State v. Mallette, Cuyahoga App. No. 87984, 2007 Ohio 715, 4|45. Therefore, Foster does not violate appellant's due process rights.
 {¶ 6} Appellant argues that the sentences imposed upon him were not consistent with the sentences imposed upon his co-defendants. While counsel for the state recited the sentences allegedly imposed upon the co-defendants, the record contains no evidence of these sentences or of the co-defendants' involvement in the crimes perpetrated on this victim or their criminal history. *Page 5 
Therefore, we cannot assess whether the sentence imposed by the court here was consistent with sentences imposed for "similar crimes" by "similar offenders."
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., CONCURS MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY KEY WORDS: 88393 *Page 1